SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
grw@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BRIDGECREST ACCEPTANCE
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KATRESE NICKELSON, individually and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGECREST ACCEPTANCE CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT (DIVERSITY JURISDICTION)** |

**TO THE COURT CLERK AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Bridgecrest Acceptance Corporation ("Bridgecrest") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of

California.  Bridgecrest alleges that it is entitled to removal pursuant to 28 U.S.C. § 1332, based upon diversity jurisdiction, as follows:

1.      Bridgecrest is a named defendant in the civil action filed on or about January 10, 2022 by plaintiff Katrese Nickelson ("plaintiff") in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 22STCV00951, entitled *Katrese Nickelson v. Bridgecrest Acceptance Corporation* (the "State Court Action").

2.      On January 12, 2022, Bridgecrest was served with copies of the Summons, Complaint, Declaration Regarding Venue, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, and Order Pursuant to CCP 1054(a) Extending Time to Respond By 30 Days When the Parties Agree to Early Organizational Meeting. On February 7, 2022, Bridgecrest was also served with a Notice of Case Management Conference.  True and correct copies of all of these documents are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

3.      Bridgecrest has not yet filed an answer or otherwise responded to plaintiff's complaint in the State Court Action.  Accordingly, the documents attached hereto as Exhibit A constitute all process, pleadings, and orders received in the State Court Action.

4.      Removal to this district court is proper because this is the district which embraces the county in which plaintiffs filed the State Court Action.  28 U.S.C. § 1441(a).

5.      *Diversity Jurisdiction.*  Bridgecrest is entitled to remove the State Court Action on the ground that this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332, and it is an action that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum or value of $75,000, exclusive of costs and interest.

6.     *Plaintiff's Citizenship*.  Plaintiff is, and, at the time she filed her complaint, was, a resident of the State of California, as alleged in her Complaint, Compl., ¶ 6, and Bridgecrest accordingly understands and alleges that plaintiff is a citizen of the State of California.  To the extent plaintiff disputes her citizenship, Bridgecrest requests limited discovery on the question of plaintiff's citizenship. *E.g., Cram v. Elec. Data. Sys. Corp.*, 2007 WL 2904250, at *4-5 (S.D. Cal. Oct. 3, 2007) (granting request for discovery regarding diversity jurisdiction); *Ignacio v. ADP Inc.*, 2014 WL 12639095, at *1 (C.D. Cal. Dec. 16, 2014) (same).

7.     *Bridgecrest's Citizenship*.  Bridgecrest is, and, at the time plaintiff filed her complaint, was, an Arizona corporation with its principal place of business in Arizona.  Accordingly, Bridgecrest is not, and, at the time plaintiff filed her complaint, was not, a citizen of the State of California, but of the State of Arizona.

8.     *Amount in Controversy*.  The amount in controversy in this action exceeds $75,000, exclusive of costs and interest.

9.     A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  The "amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).  "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  The amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them." *Arias*, 936 F.3d at 927.

10.     Plaintiff's complaint alleges that Bridgecrest sent her a post-repossession notice of intent ("NOI") that failed to comply with the Rees-Levering Act. Compl. ¶¶ 14, 22-24, Ex. A. As a result, plaintiff alleges that it was improper

NOTICE OF REMOVAL TO FEDERAL COURT (DIVERSITY JURISDICTION)

for Bridgecrest to attempt to collect a deficiency balance from her. *Id.*, ¶¶ 15, 38-40. She seeks a purported "public injunction" barring Bridgecrest from sending the same form of NOI to other customers and precluding Bridgecrest from collecting the deficiency balances owed by customers who have received the same form of NOI. *Id.*, ¶¶ 1, 3, 46, 53; Prayer, ¶ 3.

11.     Plaintiff seeks to recover actual damages.  Compl., ¶¶ 32, 42; prayer, ¶ 4.  Some courts have awarded damages of $150,000 or more as actual damages in consumer cases.  *See, e.g., Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 939-40 (C.D. Cal. 2015) (jury verdict awarded $150,000 to plaintiff in noneconomic damages and $250,000 for the injury to plaintiff's reputation or creditworthiness); *Miller v. Equifax Info. Servs., LLC*, No. 3:11-CV-01231-BR, 2014 U.S. Dist. LEXIS 69450, at *29 (D. Or. May 20, 2014) (plaintiff received jury award of $180,000). Although Bridgecrest denies that plaintiff has suffered such damages, plaintiff's request for actual damages shows that the amount in controversy exceeds $75,000.

12.     Plaintiff seeks to enjoin Bridgecrest from collecting her deficiency balance in the amount of $7,572.02.  Compl. ¶¶ 3, 17, 46-47; Prayer, ¶ 6.  The value of injunctive relief for purposes of determining the amount in controversy "is the pecuniary result to either party which the judgment would directly produce[.]"  *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001).  As granting plaintiff the injunction she seeks would deprive Bridgecrest of the right to collect the money owed to it, the value of the injunctive relief is at least $7,572.02.  *See Arguelles-Romero v. Super. Ct.*, 184 Cal. App. 4th 825, 844 (2010)  (noting in similar NOI case that where "plaintiffs seek a declaration that they are not liable for the entire deficiency balance; clearly, it is the amount of that deficiency balance that is at issue.").

13.     Plaintiff also seeks a purported "public injunction" barring Bridgecrest from collecting the deficiency balances owed by customers who have received the same form of NOI.  *Id.*, ¶¶ 1, 3, 46, 53; Prayer, ¶ 3.  The aggregate amount of

deficiency balances that plaintiff seeks to enjoin Bridgecrest from collecting exceeds $75,000.  Accordingly, the amount in controversy on plaintiff's claim for a purported public injunction also exceeds $75,000 in its own right.  *Myers v. Merrill Lynch & Co.*, No. C-98-3532 WHO, 1999 U.S. Dist. LEXIS 22642, at *16 (N.D. Cal. Aug. 23, 1999).

14.     Plaintiff also seeks statutory damages of up to $2,000 under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30, and the incorporated federal Fair Debt Collection Practices Act.  *See* Compl. ¶ 43; Prayer, ¶ 5; 15 U.S.C. § 1692k(a)(2)(A) ("any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person … [for] additional damages as the court may allow, but not exceeding $1,000"); Cal. Civ. Code § 1788.17 ("every debt collector … shall be subject to the remedies in Section 1692k…").

15.     Additionally, Plaintiff seeks to recover her attorney's fees and costs under the Rees-Levering Act and Rosenthal Act. Compl., ¶¶ 33, 44.  Each statute authorizes an award of attorney's fees and costs to a prevailing plaintiff.  Cal Civ. Code, §§ 1788.30(c); 2983.4.  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  In addition, "a court must include *future* attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added).  Plaintiff's attorneys have regularly sought to recover over $75,000 in fees in similar consumer disputes. *See, e.g., Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-cv-02737-KJM-EFB, 2013 U.S. Dist. LEXIS 128508, at *34 (E.D. Cal. Sep. 6, 2013) (awarding plaintiff's counsel $47,760.00 in fees in individual consumer dispute on fee motion seeking over $213,000).  Accordingly, plaintiff's attorneys fees' requests puts over $75,000 in

1    controversy, and thus satisfies the jurisdictional threshold on its own.

2          16.    The aggregate value of the injunctive relief, statutory damages, actual

3    damages, and attorney's fees that plaintiff seeks to recover in this action exceeds

4    $75,000.

5          17.    To the extent plaintiff disputes the amounts she seeks to recover,

6    Bridgecrest requests limited discovery on the question of the amount in controversy.

7    *E.g.*, *Cram v. Elec. Data. Sys. Corp.*, 2007 WL 2904250, at *4-5 (S.D. Cal. Oct. 3,

8    2007); *Ignacio v. ADP Inc.*, 2014 WL 12639095, at *1 (C.D. Cal. Dec. 16, 2014).

9          18.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)

10   because it is being filed and served within 30 days of service of the State Court

11   Action on Bridgecrest.

12         19.    As required by 28 U.S.C. § 1446(d), Bridgecrest will provide written

13   notice of the removal of this action to plaintiff and to the Los Angeles County

14   Superior Court.

15         WHEREFORE, Bridgecrest prays that the State Court Action be removed

16   from state court to this Court and that this Court assume jurisdiction over the action

17   and determine it on the merits.

18

19   DATED:  February 11, 2022        SEVERSON & WERSON

20                                   A Professional Corporation

21

22                                   By:      */s/Genevieve Walser-Jolly*

23                                       GENEVIEVE R. WALSER-JOLLY

24

25                                   Attorneys for Defendant

26                                   BRIDGECREST ACCEPTANCE
                                CORPORATION

27

28